1  Daniel L. Reback (SBN 239884)
      Email: dreback@kranesmith.com
2  Jeremy Smith (SBN 242430)
      Email: jsmith@kranesmith.com
3  Benjamin J. Smith (SBN 266712)
      Email: bsmith@kranesmith.com
4  **KRANE & SMITH, APC**
   16255 Ventura Boulevard, Suite 600
5  Encino, CA 91436
   Tel: (818) 382-4000
6  Fax: (818) 382-4001

7  Attorneys for Plaintiff,
   CHRISTOPHER GORDON

8

9                    **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  CHRISTOPHER GORDON, an individual, | CASE NO. |
| 13                    Plaintiff, | **COMPLAINT FOR:** |
| 14  vs. | 1. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114 *et seq.*]; |
| 15  DIGITAL BASEMENT, LLC; and DOES 1 to 10, inclusive, | 2. **TRADEMARK INFRINGEMENT** [California law]; |
| 16 | 3. **TRADEMARK DILUTION** [15 U.S.C. §1125(c)]; |
| 17                    Defendants. | 4. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)]; |
| 18 | |
| 19 | 5. **UNFAIR COMPETITION** [California law]; **and** |
| 20 | 6. **COPYRIGHT INFRINGEMENT** [17 U.S.C. §501] |
| 21 | |
| 22 | **DEMAND FOR JURY TRIAL** |

23

24

25

26

27

COMPLAINT AND DEMAND FOR JURY TRIAL

1   Plaintiff CHRISTOPHER GORDON ("Plaintiff") alleges as follows:

2   **INTRODUCTION**

3   Plaintiff is a comedic narrator who, on January 18, 2011, published a video
4   on YouTube that consisted of his original narration humorously describing the
5   traits of a honey badger. The video went "viral" and has generated more than _71_
6   _million_ views on YouTube. In the video, Plaintiff's original expression and joke is
7   "HONEY BADGER DON'T CARE," among others. Plaintiff's original expression
8   has gained a tremendous amount of notoriety, and his expression has been referred
9   to in commercials, television shows, magazines, and throughout the internet, and
10  by numerous celebrities. Plaintiff copyrighted his narration, and also trademarked
11  "HONEY BADGER DON'T CARE" under four separate registration numbers for
12  various classes of goods, including t-shirts. Plaintiff has produced, advertised, and
13  sold t-shirts bearing his expression and mark of "HONEY BADGER DON'T
14  CARE" since soon after the video was published, and he continues to sell t-shirts
15  bearing his expression and mark today.

16  Defendant Digital Basement, LLC ("Defendant") is a company that
17  produced and sold t-shirts, phone cases, signs and other merchandise that copied
18  _verbatim_ Plaintiff's expression and trademark, "HONEY BADGER DON'T
19  CARE." In addition to its unlawful infringement, Defendant misleadingly and
20  unfairly promoted its infringing products by advertising them in social media
21  outlets alongside references to Plaintiff's video made by his admirers and
22  supporters. Defendant's blatant nefarious activities, including its unauthorized
23  sales of t-shirts and related products bearing Plaintiff's trademark and expressions
24  constitute, _inter alia_, willful trademark and copyright infringement.

25

26

27

28

2

## JURISDICTION AND VENUE

1.     This is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§1051, *et seq.*, and 17 U.S.C. §§101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

2.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a).  The infringing products which are the subject of this litigation have been distributed and offered for distribution in the Central District of California, and Defendant  transacts business in the Central District of California.  Defendant has extensive contacts with, and conducts business within, this District; has placed products into the stream of commerce in this District; and has caused tortious injury to Plaintiff in this District.

## PARTIES

4.     Plaintiff is an individual residing in Los Angeles, California.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant Digital Basement, LLC is a corporation formed in Georgia that is subject to the jurisdiction of this Court.  Defendant produces and sells merchandise, with an emphasis on t-shirts, and conducts its business on the internet at www.snorgtees.com.

6.     Plaintiff is informed and believes, and thereon alleges, that Defendant authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

3

COMPLAINT AND DEMAND FOR JURY TRIAL

7.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these DOE defendants when the same are ascertained.

## SUBSTANTIVE ALLEGATIONS

### Plaintiff and His Video, Copyright, and Trademark

8.     Plaintiff is a comedian, narrator, writer, and actor, and is commonly known by his alias, "Randall."

9.     On January 18, 2011, Plaintiff published a video (the "Video") on YouTube that consisted of his original narration humorously describing the traits of a honey badger.[1]  The Video, titled *The Crazy Nastyass Honey Badger (original narration by Randall)*, became an instant hit.  The Video went "viral" and is one of the most popular videos ever uploaded onto YouTube.  To date, the Video has generated more than *71 million* views on YouTube.  The Video and subsequent phenomenon have been covered by internet blogs such as the *Huffington Post* (which proclaimed "Honey Badger Don't Care [as] the best nature video of all time") as well as by entertainment news sites like *TMZ*.

10.     In the Video, Plaintiff's original expression and joke is that the HONEY BADGER DON'T CARE.  Plaintiff's original expression (and others contained in the Video) have gained a tremendous amount of notoriety, and his

---

[1] The Video can be viewed at https://www.youtube.com/watch?v=4r7wHMg5Yjg or by searching on YouTube.com for *The Crazy Nastyass Honey Badger (original narration by Randall)*.

COMPLAINT AND DEMAND FOR JURY TRIAL

expressions have been referred to in commercials, television shows, magazines, and throughout the internet.

11.   Plaintiff copyrighted his narration in the Video.  The copyright registration number is PA 1-750-515, the effective date of registration is June 15, 2011, and the title is HONEY BADGER DON'T CARE.  Attached hereto as Exhibit A is a true and correct copy of the certificate of Copyright Registration.

12.   Plaintiff is also the owner of the trademark HONEY BADGER DON'T CARE (the "Mark").  Plaintiff registered the Mark with the United States Patent and Trademark Office for various classes of goods under the following Registration Numbers:  4,505,781; 4,419,079; 4,419,081; and 4,281,472.  Registration Number 4,505,781 specifically relates to the class of goods for clothing, including t-shirts.  Attached hereto as Exhibit B are true and correct copies of the Trademark Registrations.

13.   After the Video was published, Plaintiff produced and sold goods, including t-shirts, that displayed his Mark.  Plaintiff continues to sell t-shirts under the trademark HONEY BADGER DON'T CARE.

14.   Plaintiff primarily advertised the t-shirts bearing his Mark on the internet.  Sales of Plaintiff's t-shirts bearing his Mark have been substantial, with a majority of the sales occurring via the internet.

15.   The Mark is instantly recognizable as being associated with Plaintiff (i.e. Randall).  The Mark appeared in Plaintiff's Video, and has since been displayed on numerous advertisements and goods that Plaintiff promotes.  Plaintiff even authored a book titled *Honey Badger Don't Care:  Randall's Guide to Crazy Nastyass Animals,* and launched a mobile "app" titled *The Honey Badger Don't Care.*

COMPLAINT AND DEMAND FOR JURY TRIAL

16.    Plaintiff has expended a significant amount of time and effort in making his Mark well-known to the public.  Plaintiff has promoted his Mark by, *inter alia*, advertising it in connection with his products, making guest appearances in media outlets, and publicizing the Mark through social media platforms.

17.    As a result of the foregoing, including, but not limited to, the extensive advertisements, promotions, sales, and enormous popularity of the Mark, the public has come to exclusively identify the Mark with Plaintiff.  Among other things, Plaintiff, his expression, joke and/or his Mark have appeared or been alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in an episode of the popular television show *America's Got Talent*, in an episode of the hit television series *Glee* by the show's famous cheerleading coach Sue Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor Swift, and on the *Howard Stern* radio show (Baba Booey).  Plaintiff's expression, joke, and Mark are famous and distinctive under applicable law, including within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

## DEFENDANT'S UNLAWFUL ACTIVITIES AND WILLFUL INFRINGEMENT

18.    Defendant Digital Basement, LLC is a competitor of Plaintiff, as it also produces and sells t-shirts and other merchandise on the internet.

19.    Defendant produced and sold t-shirts and other merchandise that bore, *inter alia*, Plaintiff's Mark and jokes and expressions that were copied verbatim from Plaintiff's Video.  Defendant produced and sold these goods throughout the United States, including California, via the internet at www.snorgtees.com.   Further, on information and belief, Gordon and/or his representatives advised Defendant that it was violating his intellectual property

6

1 rights and demanded that the company stop selling infringing shirts, but Defendant

2 refused.

3      20.    Defendant's product descriptions and advertisements for its

4 infringing merchandise reveals a campaign of willful infringement. Among other

5 things, Defendant misleadingly and unfairly promoted its infringing products by

6 advertising them in social media outlets alongside references to Plaintiff's video

7 made by his admirers and supporters, causing, *inter alia*, consumer confusion.

8      21.    Defendant's manipulative and unfair advertising of the infringing

9 merchandise enabled it to reap financial success, as Defendant produced and sold

10 infringing merchandise in various sizes and colors, for different products, and

11 generated substantial revenue in the process.

12      22.    Defendant's strategic advertisement was designed to capitalize on

13 Plaintiff's Mark, trample upon his intellectual property rights, and cause customer

14 confusion, which actually happened as one of Defendant's customers remarked,

15 "Like Honey Badger Don't Care.  Big Fan".

16      23.    On July 25, 2014, Plaintiff's counsel demanded that Defendant stop

17 selling the infringing merchandise and disclose the amount of sales for all

18 infringing products.  Defendant agreed to stop selling the infringing merchandise,

19 only after generating substantial sales from the infringing merchandise, and only

20 after sales of the infringing merchandise began declining.

21      24.    Defendant's intentional and deceitful acts of unfair competition and

22 use of the Mark and derivations thereof have caused customer confusion, and are

23 likely to do so in the future, and have caused mistake and deception as to the

24 affiliation or association of the Defendant with Plaintiff, and as to the origin,

25 sponsorship, or approval of the Defendant's goods by Plaintiff.  Plaintiff has

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

1   neither authorized nor consented to the use by Defendant of the Mark, any

2   colorable imitation of it, or any mark confusingly similar to it.

3       25.    Plaintiff is informed and believes, and thereon alleges, that

4   Defendant's purpose in utilizing the Mark is an attempt to benefit unfairly from

5   the valuable goodwill and extreme popularity of the Mark, which was established

6   at great expense and effort by Plaintiff.

7   **FIRST CLAIM**

8   **(Trademark Infringement under 15 U.S.C. §1114 *et seq*. Against All**

9   **Defendants)**

10       26.    Plaintiff repeats, repleads and realleges the allegations contained in

11   Paragraphs 1 through 25, as though fully set forth herein.

12       27.    The aforesaid acts of Defendant constitute infringement of the Mark

13   under 15 U.S.C. §1114 *et seq*.

14       28.    As a direct and proximate result of Defendant's wrongful acts,

15   Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to

16   his trademark, reputation, and goodwill.  Defendant will continue to use the Mark

17   and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at

18   law and is entitled to an injunction restraining Defendant and its officers, agents,

19   employees, and all persons acting in concert with them, from engaging in further

20   acts of infringement.

21       29.    Plaintiff is further entitled to recover from Defendant the actual

22   damages that he sustained and/or is likely to sustain as a result of Defendant's

23   wrongful acts.  Plaintiff is presently unable to ascertain  the full extent of the

24   monetary damages that he has sustained and/or is likely to sustain by reason of

25   Defendant's acts of trademark infringement.

26

27

28

8

COMPLAINT AND DEMAND FOR JURY TRIAL

30.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement.

31.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including, but not limited to, an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

32.     Plaintiff also is entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

## SECOND CLAIM

**(Trademark Infringement under California Business and Professions Code section 14245 *et seq*. and California Common Law Against All Defendants)**

33.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 32, as though fully set forth herein.

34.     Defendant's use of the Mark without Plaintiff's consent constitutes trademark infringement and unfair competition in violation of California common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant.

35.     The acts and conduct of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of California, including California Business and Professions Code section 14245 *et seq*., in that, among other things, Defendant's acts and conduct are likely to cause confusion, deception, and mistake among the consuming public as to the source,

9

approval or sponsorship of the goods offered by Defendant. Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

36.    As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to all remedies provided by California Business and Professions Code section 14247 *et seq.*, including injunctive relief and recovery of three times Defendant's profits and damages suffered by reason of their wrongful conduct. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## THIRD CLAIM

### (Trademark Dilution under 15 U.S.C. §1125(c) Against All Defendants)

37.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36, above, as though fully set forth herein.

38.    Plaintiff has used his Mark to identify his products before Defendant began using the Mark without his permission.

39.    The Mark is inherently distinctive and has acquired distinction through Plaintiff's extensive, continuous, and exclusive use of the Mark. The Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and 1127.

40.    Defendant's use of the Mark is likely to dilute the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

10

41.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, reputation, and goodwill.  Defendant will continue to use the Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of trademark dilution.

42.     Plaintiff is entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark dilution.

43.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark dilution.

44.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

45.     Plaintiff also is entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTH CLAIM

**(Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. §1125(a) Against All Defendants)**

46.    Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 45, as though fully set forth herein.

47.    Defendant's acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services and/or activities by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15 U.S.C. §1125(a).

48.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to his reputation, goodwill, and to the Mark.  Defendant will continue the activities alleged herein and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from engaging in further acts of unfair competition, deceitful acts using the Mark, and false designation of origin and false affiliation and association.

49.    Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful and devious acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of  Defendant's acts of unfair competition and false designation of origin and false affiliation and association.

12

50.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

51.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

52.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

## FIFTH CLAIM

### (Unfair Competition Against All Defendants)

53.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 52, as though fully set forth herein.

54.     Defendant's acts constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

55.     The acts and conduct of Defendant complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

56.     Plaintiff is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition.  Defendant should be forced to disgorge such unlawful profits to Plaintiff.

57.     Plaintiff is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts.  Plaintiff is presently

13

1  unable to ascertain the full extent of the monetary damages he has suffered by

2  reason of Defendant's acts of unfair competition.

3      58.    Because of the willful nature of Defendant's wrongful acts, Plaintiff

4  is entitled to an award of punitive damages.

5                              **SIXTH CLAIM**

6              **(Copyright Infringement Against All Defendants)**

7      59.    Plaintiff repeats, repleads and realleges the allegations contained in

8  Paragraphs 1 through 58, as though fully set forth herein.

9      60.    Plaintiff is informed and believes that Defendant had access to the

10  Video, through, *inter alia*, YouTube.

11      61.    Defendant manufactured, produced, and sold merchandise, including

12  but not limited to t-shirts, that copy verbatim Plaintiff's jokes and expressions

13  from his Video, such as his joke and expression that the "Honey Badger Don't

14  Care." Defendant's uses of Plaintiff's jokes and expressions are substantially

15  similar to Plaintiff's use in the Video. In fact, Defendant's unlawful use includes

16  an exact copy verbatim of Plaintiff's jokes and expressions that are contained in

17  his copyrighted Video.

18      62.    Defendant infringed Plaintiff's copyright by manufacturing,

19  producing, advertising, and selling merchandise that prominently displayed

20  Plaintiff's jokes and expressions that he used in his copyrighted Video. Defendant

21  sold its infringing merchandise on the internet at www.snorgtees.com. Defendant's

22  conduct violated Plaintiff's exclusive right in his expressions and jokes contained

23  in his Video.

24      63.    Plaintiff is informed and believes that Defendants, and each of them,

25  knowingly induced, participated in, aided and abetted in, and profited from the

26

27

28

14

1  illegal copying and/or subsequent sales of the infringing merchandise featuring

2  Plaintiff's expressions and jokes from the Video.

3       64.    Plaintiff is informed and believes that Defendants, and each of them,

4  are vicariously liable for the infringement alleged herein because they had the

5  right and ability to supervise the infringing conduct and because they had a direct

6  financial interest in the infringing conduct.  As such, Defendants, and each of

7  them, are liable for vicarious and/or contributory copyright infringement under 17

8  U.S.C. §101.

9       65.    Due to Defendant's acts of infringement, Plaintiff has suffered

10  substantial damage to his business in an amount to be established at trial.

11      66.    Due to Defendant's acts of infringement, Plaintiff has suffered

12  general and special damages in an amount to be established at trial.

13      67.    Due to Defendant's acts of copyright infringement, Defendant has

14  obtained direct and indirect profits it would not otherwise have realized but for its

15  infringement.  As such, Plaintiff is entitled to disgorgement of Defendant's profits

16  directly and indirectly attributable to Defendant's infringement of Plaintiff's jokes

17  and expressions used in his Video in an amount to be established at trial.

18      68.    Plaintiff is informed and believes that Defendant infringed Plaintiff's

19  copyright with knowledge that he owned the exclusive rights in his expressions

20  and jokes as contained in the Video and/or that Defendant was reckless in

21  committing the infringement alleged herein.  Defendant's acts of copyright

22  infringement were willful, intentional and malicious, subjecting Defendant to

23  liability for statutory damages under Section 504(c)(2) of the Copyright Act in the

24  sum of up to $150,000 per infringement and/or Defendant is precluded from

25  deducting certain overhead expenses when calculating profits for disgorgement.

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **PRAYER FOR RELIEF**

2      **WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

3      1.      That Defendant has (i) infringed the Mark under 15 U.S.C. §1114 *et*

4   *seq.*; (ii) infringed the Mark under California law; (iii) violated 15 U.S.C.

5   §1125(c); (iv) violated 15 U.S.C. §1125(a); (v) engaged in unfair competition and

6   violated California Business and Professions Code section 17200 *et seq.*; and (vi)

7   infringed Plaintiff's rights in his federally registered copyright under 17 U.S.C.

8   §501.

9      2.      That the above acts, and each of them, were willful.

10      3.      That Plaintiff be awarded (i) all profits of Defendant, (ii) all of his

11   damages, (iii) statutory damages available under the law including 15 U.S.C.

12   §1117 and 17 U.S.C. §504, if elected, (iv) treble damages, (v) punitive damages,

13   (vi) disgorgement and restitution of all benefits received by Defendants arising

14   from their infringement as provided by law, and/or (vii) enhanced damages for

15   Defendant's willful infringement as provided in 15 U.S.C. §1117 and 17 U.S.C.

16   §504, the sum of which will be proven at the time of trial.

17      4.      That Defendant, its officers, agents, servants, affiliates, partners,

18   vendors, employees and attorneys, and those persons in active concert or

19   participation with them, be preliminarily and permanently enjoined from:

20      a.      Using Plaintiff's expression and mark "HONEY BADGER

21   DON'T CARE" or any colorable imitation thereof, or any other expression or

22   mark likely to cause confusion, mistake, or deception, in connection with the sale,

23   offering for sale, distribution, manufacturing, advertising, or promotion of their

24   goods or services;

25      b.      Using any false designation of origin or false description that

26   can, or is likely to, lead the public to believe that any product manufactured,

27

28                                                              16

distributed, sold, offered for sale, or advertised by Defendant are in any manner associated or connected with Plaintiff is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiff;

        c.     Engaging in any other activity constituting an infringement of Plaintiff's trademark and copyright rights or otherwise unfairly competing with Plaintiff; and

        d.     Engaging in any other activity that dilutes the distinctive quality of the Mark by, among other things, using the Mark in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods.

    5.     That Defendant be directed to deliver up to Plaintiff all products bearing the Mark, any copy, simulation, variation or colorable imitations of the Mark, and any documents or tangible things that discuss, describe, mention or relate to such products.

    6.     That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the injunction.

    7.     That Defendant be required to pay to Plaintiff all of his costs, disbursements, and attorney's fees in this action.

    8.     For prejudgment interest.

    9.     For such other relief as the Court deems proper.

DATED: December 29, 2014        KRANE & SMITH, APC

                              By:_____
                                DANIEL L. REBACK
                                JEREMY SMITH
                                Attorneys for Plaintiff,
                                CHRISTOPHER GORDON

COMPLAINT AND DEMAND FOR JURY TRIAL

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

Registration Number
PA 1-750-515

Effective date of
registration:
June 15, 2011

---

## Title

Title of Work: Hockey Badger Don't Care

## Completion/Publication

Year of Completion: 2011

Date of 1st Publication: January 18, 2011      Nation of 1st Publication: United States

## Author

■  Author: Christopher Zane Gordon

Author Created: text and narration at contained in the video soundtrack

Work made for hire? No

Citizen of: United States          Domiciled in: United States

## Copyright claimant

Copyright Claimant: Christopher Zane Gordon

23942 Race Street, Newhall, CA, 91321, United States

## Limitation of copyright claim

Material excluded from this claim: musical recording

New material included in claim: text and narration as contained in the video soundtrack

## Certification

Name: Rory J. Radding

Date: June 15, 2011

Applicant's Tracking Number: 67653-5000.800

Correspondence: Yes

**EXHIBIT A**

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,505,781**

**Registered Apr. 1, 2014**

**Int. CL: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: CLOTHING, NAMELY, T-SHIRTS, TANK TOPS, ONE PIECE GARMENT FOR INFANTS AND TODDLERS; LONG-SLEEVE SHIRTS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-24-2011; IN COMMERCE 2-24-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,667, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT B**

Case 2:14-cv-05990   Document 1   Filed 07/30/14   Page 24 of 27   Page ID #:24

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,079**
**Registered Oct. 15, 2013**
**Int. Cl.: 9**

**TRADEMARK**
**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL.)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: AUDIO BOOKS IN THE FIELD OF COMEDY, PARODY AND SATIRE; COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, HANDHELD COMPUTERS, NAMELY, SOFTWARE FOR PLAYING GAMES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2011; IN COMMERCE 12-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,668, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

Case 2:14-cv-05990   Document 1   Filed 07/30/14   Page 25 of 27   Page ID #:25

# United States of America

## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,081**

**Registered Oct. 15, 2013**

**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: (BASED ON USE) CHRISTMAS TREE ORNAMENTS AND DECORATIONS; TALKING DOLLS AND PLUSH TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-8-2011; IN COMMERCE 10-8-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-449,924, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

Case 2:14-cv-05990   Document 1   Filed 07/30/14   Page 26 of 27   Page ID #:26

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,281,472**

**Registered Jan. 29, 2013**

**Int. Cl.: 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 10-7-2011; IN COMMERCE 10-7-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-449,921, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

1

## DEMAND FOR JURY TRIAL

2        Plaintiff CHRISTOPHER GORDON hereby demands a jury trial in this

3    action.

4

5    DATED: December 29, 2014          KRANE & SMITH, APC

6

7                          By:_____

8                              DANIEL L. REBACK
                               JEREMY SMITH

9                          Attorneys for Plaintiff,
                           CHRISTOPHER GORDON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18